23394

Calvin JONES, Respondent v. HAMPTON PONTIAC and The South
Carolina Auto and Truck Dealers Association, Appellants.

(405 S.E. (2d) 395)

Supreme Court

*John W. Rabb, Jr.,* and *Robert J. Sheheen,* both of *Savage, Royall & Sheheen,* Camden, *for appellants.*

*Daniel K. Felker,* and *David M. Ratchford,* both of *Ratchford & Associates,* Columbia, *for respondent.*

Heard Jan. 8, 1991.

Decided May 6, 1991.

CHANDLER, Justice:

Hampton Pontiac (Employer) appeals a Circuit Court Order reversing the denial of Workers' Compensation benefits to Respondent, Calvin Jones (Employee).

We reverse.

## FACTS

On September 20, 1988, during a coffee break, Employee slipped and fell while demonstrating a karate-kick to a co-worker. His left hip was fractured, disabling him from work for several weeks.

Employee's claim for Workers' Compensation benefits was denied by the single commissioner on the grounds (1) that the injury did not arise in the course of employment and (2) that,

as the instigator of horseplay, Employee was not entitled to compensation. Full Commission affirmed; Circuit Court reversed.

## ISSUE
Was Employee entitled to recover Workers' Compensation benefits?

## DISCUSSION
In *Allsep v. Daniel Construction Co.*, 216 S.C. 268, 57 S.E. (2d) 427 (1950), this Court addressed the compensability of an injury which resulted from the horseplay of a fellow worker. There, we allowed an injured employee to recover benefits, noting that he was engaged in the performance of his duties when the "playful push or pull" of his co-worker resulted in injury. We stated:

> Courts generally distinguish between aggressors or instigators, who are not compensated when injured, and nonparticipating victims or innocent bystanders who are compensated.

216 S.C. at 273, 57 S.E. (2d) at 429.

The Court's reasoning in *Allsep* derived from that expressed in *Eargle v. South Carolina Electric and Gas*, 205 S.C. 423, 32 S.E. (2d) 240 (1944):

> ... if the injury can be seen to have followed as a *natural incident of the work* and to have been contemplated by a reasonable person familiar with the whole situation as a result of the *exposure occasioned by the nature of the employment,* then it arises 'out of' the employment. But it *excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment.* The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear

to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence. (Emphasis supplied.) (Citation omitted.)

205 S.C. at 429-430, 32 S.E. (2d) at 242-243.

We reaffirm *Eargle* and *Allsep,* and hold that Employee's demonstration of a karate kick, while on break, did not give rise to his injury as a "natural incident of the work."

Accordingly, Employee was not entitled to Workers' Compensation benefits.

The judgment below is

Reversed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.