499 S.E.2d 253

**Mary E. CROSBY, Appellant,**

v.

**WAL–MART STORE, INC. and National Union Fire Insurance Company, Respondents.**

No. 2832.

Court of Appeals of South Carolina.

Submitted March 3, 1998.

Decided April 20, 1998.

Rehearing Denied May 21, 1998.

Stephen Paul Bucher, of the Bucher Firm, Charleston, for appellant.

David Michael Yokel, of Mitchell, Bouton, Yokel, McCall & Childs, Greenville, for respondents.

HUFF, Judge:

This is a workers' compensation case arising from injuries received by appellant, Mary E. Crosby, when she fell at work. The Workers' Compensation Commission denied compensation and the circuit court affirmed. Crosby appeals. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Crosby worked for respondent, Wal–Mart Store, Inc., as a customer service manager. On June 6, 1992, while working in the store, Crosby slipped on a clear liquid substance and fell.[1] On June 20, 1992, Crosby fell again while walking through the store on her way to a meeting. She testified that she "slipped and fell," hitting the floor so hard that her shoes came off and her belt came loose from her dress. Crosby testified that she knew of no water or merchandise on the floor, and she could not identify anything on the floor that caused her to slip. She stated, "I was just walking on the floor and my feet went from under me."

---

1. Crosby apparently seeks no compensation for any injuries as a result of this initial fall.

A coworker, Linda Hill, testified she was walking to the same meeting and was directly in front of Crosby when she heard a thud and turned around to see Crosby sprawled out on the floor. Hill testified that she did not notice any water or any other debris on the floor at that time.

Another employee, Lynn Haddock, testified she was the store's trained safety leader. She stated she was notified of the fall and went to Crosby. When she asked what had happened, Crosby said, "My leg just gave out." Haddock stated Crosby never stated she slipped or fell on anything and never mentioned there was any water or debris on the floor.

The store manager, Glenn Elliott, testified Crosby did not explain to him how she fell, but just stated she slipped. His inspection of the area right after the fall revealed no liquid substance, debris, merchandise or paper on the floor. He testified the floor was clean and clear.

Crosby underwent various examinations and diagnostic procedures. Dr. Julia Mikell, a neurologist, diagnosed Crosby with a pinched nerve in her back that she felt most probably resulted from the fall. Dr. Mikell refused to speculate that the fall was caused by an internal breakdown of Crosby's hip or leg.

Crosby filed a claim for injuries to her hip and buttocks. Wal–Mart denied Crosby's accident arose out of or in the course of her employment, asserting "her hip or leg just gave out." The single commissioner simply found the case compensable. The appellate panel of the commission and the circuit court summarily affirmed. Wal–Mart appealed.

By unpublished opinion, this court found the commission failed to make any findings of fact to support the compensability of the award. Noting that Wal–Mart asserted the fall was an idiopathic, noncompensable fall, and that Crosby asserted that she slipped and fell on something, this court found that material facts were in dispute and the appellate court could not uphold the conclusion that the fall was work related since there were no factual findings to support the conclusion. The case was therefore remanded for the commission "to consider on the present record the issues raised by Wal–Mart." The commission was further directed to make findings of fact sufficient to afford a reasonable basis for appellate review.

492

*Crosby v. Wal–Mart Stores, Inc.,* Op. No. 95–UP–114 (S.C.Ct. App. filed April 24, 1995).

On remand, the single commissioner found there was no evidence Crosby slipped on any substance, debris or merchandise or that her fall was caused by any hazards of her employment. Neither was there any evidence regarding the condition of the floor as to wax. The commissioner held that to presume Crosby slipped on something would be speculation. He found Crosby admitted she did not know why she fell and there was no evidence the employment relationship or job duties of Crosby were causally related to the fall. He found Crosby's working conditions presented no special hazard and were not the proximate cause of her fall. The commissioner determined Crosby's injury was an idiopathic level-floor fall and, because neither the fall nor the resulting injury bore any special relationship to the work or the conditions under which Crosby was performing her work, the idiopathic fall was not compensable. Accordingly, he found Crosby did not sustain an injury by accident arising out of her employment and he denied compensation. The appellate panel of the commission and circuit court affirmed.

## LAW/ANALYSIS

█ On appeal, Crosby contends the commission erred in finding she sustained an idiopathic fall. She asserts the overwhelming evidence shows she slipped and that there was no known pathological condition that caused her to fall. She argues the commission erred in relying on the line of cases dealing with idiopathic falls because these cases were distinguishable to the case at hand in that they all dealt with factual situations which included overwhelming evidence that unknown pathologies in the bodies of the claimants were the cause of their falls. She contends the commission confused this unexplained fall case with an idiopathic fall case. She argues that idiopathic fall cases are not generally compensable but that unexplained fall cases are compensable. We disagree.

In order to be entitled to workers' compensation benefits, the employee must show he or she sustained an "injury by accident arising out of and in the course of the employment."

S.C.Code Ann. § 42–1–160 (1985). The term "arising out of" in the Workers' Compensation Act refers to the origin of the cause of the accident, while the term "in the course of" refers to the time, place, and circumstances under which the accident occurred. *Owings v. Anderson County Sheriff's Department,* 315 S.C. 297, 433 S.E.2d 869 (1993). "An injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal relationship between the conditions under which the work is to be performed and the resulting injury." *Id.* If the injury can be seen to have followed as a natural incident of the work and as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment. *Holley v. Owens Corning Fiberglas Corp.,* 301 S.C. 519, 392 S.E.2d 804 (Ct.App.1990), aff'd. 302 S.C. 518, 397 S.E.2d 377 (1990). Excluded from the Act, however, is an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. *Jones v. Hampton Pontiac,* 304 S.C. 440, 405 S.E.2d 395 (1991) (quoting *Eargle v. South Carolina Electric and Gas,* 205 S.C. 423, 32 S.E.2d 240 (1944)).

Where an employee suffers an idiopathic fall while standing on a level surface, and in the course of the fall, hits no machinery, furniture, or other objects such as would contribute to the effect of the fall, the majority of jurisdictions deny compensation. 1 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* § 12.14(a) (1997). The reasoning behind this viewpoint is that the basic cause of the harm is personal, and the employment does not significantly add to the risk. Thus, there is ample reason to assign the risk to the employee personally. *Id. See Bagwell v. Ernest Burwell, Inc.,* 227 S.C. 444, 88 S.E.2d 611 (1955) (wherein our Supreme Court adopted the viewpoint established by the line of cases denying compensation for such idiopathic level-floor falls in the absence of special conditions or circumstances). Denial of compensation based on some internal breakdown of the body has also been extended by our courts to a situation that did not involve a level-floor fall. *See Miller v. Springs Cotton Mills,* 225 S.C. 326, 82 S.E.2d 458 (1954) (wherein our Supreme Court affirmed the denial of compensation based on

failure to show an injury by accident where claimant was not walking across a level floor, but was rising from a seated position when she twisted her knee; noting there was no medical evidence to establish what caused the twisting of the knee, the court determined the injury was the result of some internal breakdown of the knee).

Crosby contends, however, that the case at hand is distinguishable because there was no evidence of record that a pathological condition caused her fall. We disagree. In *Bagwell, supra,* according to the testimony of two witnesses, the employee was standing at a counter when he simply fell backward, hitting his head on a concrete floor. The employee died two days later without ever regaining consciousness. The treating physicians were unable to give any reason for his fall and his family physician had not observed any organic disease in the deceased in the year prior to his death. An examination of the floor shortly after the occurrence revealed no evidence of any foreign substance on the floor. The court held the burden was on the claimant to show the accident arose out of the course of employment, and any award must be founded on evidence and could not rest on surmise, conjecture or speculation. The court noted the manner in which the deceased fell indicated his fall was due to some internal failure or weakness and it would be "wholly conjectural under these circumstances to say that the cause of the fall had any relation to his work or the conditions under which it was performed." The court found the claimant failed to show any causal connection between the fall of deceased and his employment.

In the case at hand, it is true there is no medical evidence establishing that Crosby suffered from some pathological condition causing an internal breakdown which resulted in her fall. However, neither was there such evidence in *Bagwell.* Further, while the court in *Bagwell* noted the evidence suggested the deceased suffered from some internal failure or weakness based on the manner in which he fell, there is likewise evidence of an internal breakdown in the case at hand from the testimony of the safety leader that Crosby stated, "My leg just gave out." Neither is the case at hand distinguishable from *Miller, supra,* on this basis. The opinion in *Miller* clearly points out that there was no medical testimony introduced and there was nothing to indicate what caused the

twisting of the claimant's knee. The court thus concluded the evidence indicated an internal failure or breakdown in the knee. Therefore the claimant failed to show an injury by accident. Similarly, there was no evidence offered in the case at hand as to what caused Crosby to fall. It would be wholly conjectural to say under the evidence presented that Crosby's employment was a contributing cause of her injury.

Crosby also asserts the commission confused this unexplained fall case with an idiopathic fall case and, while idiopathic falls are not generally compensable, unexplained fall cases are. We disagree.

A majority of jurisdictions confronted with an unexplained fall have seen fit to award compensation. However, a substantial minority deny compensation in such situations. 1 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* § 10.31(a) (1997).[2] South Carolina falls within the minority. *Id.* n. 72 at 3–113.

Unexplained fall cases may be classified into two main categories: (1) those in which the fall was unwitnessed or was purely unexplained; and (2) those in which the evidence established that the fall, while unexplained, had an apparent lack of work connection, the implication arising that the fall resulted from some pre-existing physical condition. Maybank, Golden, Beard & Kelly, *The Law of Workers' Compensation in South Carolina* IV–23, 24 (1992). Where the fall is unwitnessed or purely unexplained, as in situations where the employee dies before he has an opportunity to relate the

---

**2.** *See Slimfold Manufacturing Co. v. Martin,* 417 So.2d 199 (Ala.Civ. App.1981) (compensation denied where employee fell and hit his head on floor while waiting to use copy machine; court, adopting requirement that employment be the source and cause of accident, found claimant failed to carry burden of establishing essential element of causation); *Memorial Hospital of Martinsville v. Hairston,* 2 Va.App. 677, 347 S.E.2d 527 (1986) (compensation denied to hospital employee who fell when her foot slipped and she lost her balance, where floor was described as shiny and periodically washed and waxed, but there was no evidence condition of floor caused or contributed to fall, even though there was no evidence of personal defect of employee, either; court distinguished from case where employee was unable, by reason of death or loss of consciousness, to explain what happened; claimant has burden of establishing causal relationship and where claimant in position of being able to explain occurrence fails to present evidence injury arose out of employment, claim for compensation must be denied).

occurrence, and there are no eyewitnesses to the occurrence itself, our courts have tended to affirm an award of compensation, deferring to the fact finding discretion of the commission. *See Steed v. Mount Pleasant Seafood Co.*, 236 S.C. 253, 113 S.E.2d 827 (1960) (noting unwitnessed deaths pose grave problems and the courts usually abide by the decision of the fact finding body). *See also Jake v. Jones*, 240 S.C. 574, 126 S.E.2d 721 (1962) (additionally relying on the proposition of law that, where an employee is found injured or dead at a time and place where his employment reasonably required him to be, there is a presumption of fact that death arose out of and in the course of employment).

The case at hand is directly on point with the *Bagwell* and *Miller* cases; cases in which the evidence established that, while the occurrences were unexplained, there was an apparent lack of work connection and the implication of some pre-existing physical condition arose. In *Bagwell*, the court specifically noted that the cause of the fall was unexplained, but the circumstances of the fall were witnessed, which tended to show the employment was not a contributing cause. Although the facts of *Miller* are somewhat distinguishable inasmuch as they do not encompass a level-floor fall, *Miller* similarly dealt with an injury attributed to an internal breakdown within the claimant's body where the claimant failed to present evidence as to the cause of the occurrence. The burden is on the claimant to prove such facts as will render the injury compensable, and such an award must not be based on surmise, conjecture or speculation. *Brady v. Sacony of St. Matthews*, 232 S.C. 84, 101 S.E.2d 50 (1957). We believe, under the factual circumstances of the case at hand, there was substantial evidence to support the commission's finding that Crosby failed to show a causal connection between her fall and her employment. Therefore, Crosby has failed to show an injury by accident arising out of her employment.

**AFFIRMED.**

ANDERSON and HOWARD, JJ., concur.