THIS OPINION
 HAS NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Teresa Hampton,
 Employee, Respondent,
 
 
 

v.

 
 
 
 Hunt Assisted
 Living, LLC d/b/a Greenville Place Assisted Living, Employer, and Key Risk
 Insurance Co., Carrier, Appellants.
 
 
 

Appeal from Greenville County
 Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2008-UP-630
 Heard October 22, 2008  Filed November
12, 2008  

REVERSED

 
 
 
 David A. Wilson and Michael A. Farry, both of Greenville, for
 Appellants.
 Kathryn  Williams, of Greenville, for Respondent.
 
 
 

PER CURIAM: Teresa Hampton brought this workers compensation case
 seeking benefits for an injury resulting from a fall at work.  The Appellate
 Panel of the Workers Compensation Commission (Appellate Panel) denied
 compensation.  The circuit court reversed.  Hamptons employer, Hunt Assisted
 Living d/b/a Greenville Place Assisted Living (Hunt), and Hunts carrier, Key
 Risk Insurance Company (collectively Appellants), appeal.  We reverse.
FACTS / PROCEDURAL HISTORY
Hampton began working for Hunt in June 2004 as a certified nursing assistant.  She subsequently
 took a position in the kitchen as a cook.  On October 25, 2004, after sitting
 at a table looking through menus, Hampton stood up and took a step with her
 right foot.  When she began to take a step with her left foot, her ankle
 twisted or curled over causing her to fall to the floor.  Hampton continued to work for an hour, but then went to the hospital because of severe
 pain in her left leg.  Hampton was diagnosed at the hospital with left ankle
 sprain.  Dr. George Pattis examined Hampton about a week after her fall.  Dr.
 Pattis opined Hampton suffered from left ankle sprain and left foot
 tendonitis.  Dr. Pattis also noted Hampton suffered from right ankle ligaments
 strain from overuse of the right leg.  Hampton returned to work in November
 2004.  Later that month, Hunt terminated Hamptons employment for
 insubordination.
Hampton subsequently brought this workers compensation action seeking temporary total
 disability benefits and payment of past and continuing medical care.  The
 single commissioner denied Hamptons claim, holding Hamptons injuries were not
 connected to or caused by her employment with Hunt.  The Appellate Panel
 affirmed and adopted the order of the single commission in its entirety.  Hampton then appealed to the circuit court.  The circuit court reversed, holding Hampton
 sustained a compensable injury by accident as defined in the Workers
 Compensation Act and remanding the claim to the Workers Compensation
 Commission (the Commission) to determine the extent of medical and compensation
 benefits.  
This appeal followed.  
LAW / ANALYSIS
Appellants
 argue the circuit court erred in holding Hampton sustained a compensable injury
 by accident as defined in the Workers Compensation Act (the Act).  Specifically,
 Appellants contend Hamptons injuries are not compensable because Hampton failed to show a causal connection between her fall and her employment. 
 Appellants assert Hamptons injuries resulted from an idiopathic or unexplained
 fall.  We agree.
In
 reviewing workers compensation decisions, the appellate court ascertains
 whether the circuit court properly determined whether the appellate panels
 findings of fact are supported by substantial evidence in the record and
 whether the panels decision is affected by an error of law.  Baxter
 v. Martin Bros., Inc., 368 S.C. 510, 513, 630 S.E.2d 42, 43 (2006)
 (citations omitted); see also S.C. Code Ann. § 1-23-380(A)(5) (Supp.
 2007).  Substantial evidence is evidence which, considering the entire
 record, would allow reasonable minds to arrive at the same conclusion reached
 by the administrative agency.  S.C. Second Injury Fund v. Liberty Mut. Ins. Co., 353 S.C. 117, 122, 576 S.E.2d 199, 202 (Ct. App. 2003). 
 The Administrative Procedures Act does not permit an appellate court to substitute
 its judgment for that of the Commission as to the weight of the evidence on
 questions of fact.  West v. Alliance Capital, 368 S.C. 246, 251,
 628 S.E.2d 279, 282 (Ct. App. 2006). 
An
 injury is compensable under the Act if it occurs accidentally, arising out of
 and in the course of employment.  S.C. Code Ann. § 42-1-160(A) (Supp.
 2007).  An injury arises out of employment when there is apparent to the
 rational mind, upon consideration of all the circumstances, a causal
 relationship between the conditions under which the work is to be performed and
 the resulting injury.  Owings v. Anderson County Sheriffs Dept., 315
 S.C. 297, 299, 433 S.E.2d 869, 871 (1993).  Further, if the injury can be seen
 to have followed as a natural incident of the work and as a result of the
 exposure occasioned by the nature of the employment, then it arises out of the
 employment.  Holley v. Owens Corning Fiberglas Corp., 301 S.C. 519,
 523, 392 S.E.2d 804, 807 (Ct. App. 1990).
Specific rules
 relating to idiopathic or unexplained falls, however, modify the general ruling
 of compensability.  An unexplained fall is generally not compensable unless the
 employment contributed to either the cause or the effect of the fall.  Bagwell
 v. Ernest Burwell, Inc., 227 S.C. 444, 452-53, 88 S.E.2d 611, 614-15 (1955). 
 The causative danger need not have been foreseen or expected, but after the
 event it must appear to have had its origin in a risk connected with the
 employment, and to have flowed from that source as a rational consequence.  West
 v. Alliance Capital, 368 S.C. 246, 252, 628 S.E.2d 279, 282 (Ct. App. 2006)
 (internal citations omitted).  Injuries are excluded from compensability
 under the Act when they come from a hazard to which the workmen would have
 been equally exposed apart from the employment.  Crosby v.
 Wal-Mart Store, Inc., 330 S.C. 489, 493, 499 S.E.2d 253, 255 (Ct. App.
 1998).  The burden is on the claimant to prove such facts as will render
 the injury compensable, and such an award must not be based on surmise, conjecture
 or speculation. Id. at 496, 499 S.E.2d at 257.
The
 facts in this case are very similar to the facts set forth in Crosby,
 330 S.C. 489, 499 S.E.2d 253.  In Crosby, the claimant, a Wal-Mart
 employee, sought benefits for injuries she received when she fell at work.  The
 claimant testified she fell while walking through the store on the way to a
 meeting. Id. at 491, 499 S.E.2d at 254.  She stated, I was just walking
 on the floor and my feet went from under me.  Id.  This court
 determined the claimants fall was an unexplained fall.  We stated, [T]here
 was no evidence offered in the case at hand as to what caused [the claimant] to
 fall.  It would be wholly conjectural to say under the evidence presented that
 [the claimants] employment was a contributing cause of her injury.  Id. at 495, 499 S.E.2d at 256.  This court further reasoned that, while the fall was
 unexplained, there was an apparent lack of work connection and an implication
 of a pre-existing physical condition.  Id. at 496, 499 S.E.2d at 257.
 This court concluded there was substantial evidence to support the Appellate
 Panels finding that claimant failed to show a causal connection between her
 fall and her employment.  Id.
Here,
 Hampton fell when she stood up from a table and began to walk.  Like the
 claimant in Crosby, Hampton could not explain the reason for her fall.  Hampton testified her ankle simply twisted
 or curled over.  Although Hampton was involved in work duties when she fell,
 no evidence indicates her employment contributed to the cause or the effect of
 her fall.  As set forth above, the burden is on Hampton to establish facts
 showing her injury is compensable.  Accordingly, we reverse the circuit court
 and find substantial evidence supports the Appellate Panels finding Hamptons injuries were not connected to or caused by her employment.
REVERSED.  
HUFF and
 GEATHERS, JJ., and GOOLSBY, A.J., concur.