THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Edward Allen
 Davis, Respondent,
 v.
 The Waggoners
 Trucking, Employer,
 And The
 Waggoners Trucking, Self-Insured, Carrier, Appellant.
 
 
 

Appeal From the Appellate Panel
of the Workers' Compensation Commission

Unpublished Opinion No.   2010-UP-521
 Submitted December 1, 2010  Filed
December 9, 2010

AFFIRMED

 
 
 
 David Hill Keller, of Greenville, for Appellant.
 Blake Alexander Hewitt, of Columbia, and Matthew  Jackson, of
 North Charleston, for Respondent.  
 
 
 

PER CURIAM: Edward Allen Davis filed a claim for injuries
 resulting from an unexplained fall while working for The Waggoners Trucking
 (Employer), and the Appellate Panel of the Workers' Compensation Commission
 (Appellate Panel) awarded him benefits.  Employer appeals, arguing Davis failed
 to meet his burden of proof and the Appellate Panel failed to adjudicate this
 matter correctly.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1. As
 to whether the Appellate Panel erred in failing to require Davis to demonstrate
 his injuries were "made worse by striking the floor of the trailer than
 they would have been had he struck the ground":  S.C. Code Ann. §
 42-1-160(A) (Supp. 2009) (providing an injury is compensable under the Workers'
 Compensation Act (the Act) if the injury occurs accidentally, "arising out
 of and in the course of employment"); Crosby v. Wal-Mart Store, Inc.,
 330 S.C. 489, 493, 499 S.E.2d 253, 255 (Ct. App. 1998) (recognizing injuries
 are excluded from compensability under the Act when they come "from a
 hazard to which the workmen would have been equally exposed apart from the
 employment"); Bagwell v. Ernest Burwell, Inc., 227 S.C. 444,
 452-53, 88 S.E.2d 611, 614-15 (1955) (holding injuries resulting from
 unexplained falls are generally excluded from compensability, but recognizing
 an exception to the rule when the employment contributed to either the cause or
 the effect of the fall); West v. Alliance Capital, 368 S.C. 246, 252,
 628 S.E.2d 279, 282 (Ct. App. 2006) (quoting Douglas v. Spartan Mills,
 Startex Div., 245 S.C. 265, 269, 140 S.E.2d 173, 175 (1965) ("The
 causative danger must be peculiar to the work and not common to the
 neighborhood.  It must be incidental to the character of the business and not
 independent of the relation of master and servant.  It need not have been
 foreseen or expected, but after the event it must appear to have had its origin
 in a risk connected with the employment, and to have flowed from that source as
 a rational consequence.")).  
2. As
 to Employer's remaining arguments concerning the necessity for expert medical
 testimony and classification of Davis's claim as a "medically
 complex" case:  Rule 210(h), SCACR ("[An] appellate court will not
 consider any fact which does not appear in the Record on Appeal."); Stone
 v. Roadway Express, 367 S.C. 575, 582, 627 S.E.2d 695, 698 (2006) ("Only
 issues raised [to] and ruled upon by the [Workers' Compensation C]ommission are
 cognizable on appeal."); Bonaparte v. Floyd, 291 S.C. 427, 444, 354
 S.E.2d 40, 50 (Ct. App. 1987) (placing upon appellant the burden of providing a
 record on appeal sufficient for intelligent review).  
AFFIRMED.
FEW,
 C.J., SHORT, J., and CURETON, A.J., concur.  

[1]  We decide this
 case without oral argument pursuant to Rule 215, SCACR.