THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE
 STATE OF SOUTH CAROLINA
In
 The Court of Appeals

 
 
 
 
 Ramone Zepeda-Cepeda, Appellant,
 
 

v.

 
 
 
 
 Priority Landscaping and
 Lawn Care, LLC, Employer, and Accident Fund Insurance Company of America,
 Carrier, Respondents.
 
 

Appeal
 From the South Carolina Workers' Compensation Commission
 Appellate
 Panel 

Unpublished
 Opinion No. 2011-UP-229
 Submitted
 April 1, 2011  Filed May 18, 2011    

AFFIRMED

 
 
 
 Don
 C. Gibson, of North Charleston, for Appellant.
 Mikell
 H. Wyman, of Charleston, for Respondents.
 
 
 

PER CURIAM:  In this
 workers' compensation case, Appellant Ramone Zepeda-Cepeda (Claimant) seeks
 review of a decision of the South Carolina Workers' Compensation Commission (Commission)
 denying his request for temporary total disability benefits and payment of
 medical expenses for an injury to his right leg.  Claimant challenges the
 Appellate Panel's finding that his injury did not arise out of and in the
 course of his employment because he was engaging in horseplay when the injury
 occurred.  We affirm.[1]
FACTS/PROCEDURAL
 HISTORY
In
 March 2007, Claimant began working for Priority Landscaping and Lawn Care, LLC
 (Employer), located in Folly Beach.  Among other equipment, Employer provided
 Claimant and his co-workers with a pole saw and extension ladders for
 trimming tree branches.  If a branch was so high that it could not be reached
 while using an extension ladder and a pole saw, Employer
 would subcontract out that particular work to Budget Tree Service (Budget).      
On
 September 4, 2008, Employer assigned Claimant to a crew of four to perform work
 on the grounds at Fort Johnson Baptist Church.  The other three workers were Leonardo
 Solano (Leonardo), Frank Shoppel (Frank), and Cesar Rodriguez (Cesar).  Frank supervised the crew, and
 Cesar interpreted
 Frank's English into Spanish for Claimant and Leonardo.  The crew arrived at
 the location at approximately 12:45 p.m. and ate lunch before beginning work. 
According
 to Claimant, as he
 began work at the location, Cesar told him that Frank wanted him to
 climb a large oak tree to trim one of its branches.  Claimant climbed up to a
 large branch approximately twenty feet off the ground.  He began walking along
 the branch and was expecting one of his co-workers to hand him a tool once he
 was near the branch to be trimmed.  However, he lost his balance and fell to
 the ground.  
The
 hearing testimony of Frank and Cesar provided a different version of the events
 leading up to Claimant's injury.  They both testified that Employer never
 assigned branch trimming for those branches that could not be reached with the
 pole saw and extension ladder.  They further testified that on the day of the injury,
 Frank never asked Cesar to tell Claimant to trim any branches on
 the tree in question.  Rather, they testified that Cesar offered Claimant a
 twenty-dollar bet that he would not jump out of the oak tree from a limb hovering
 twenty feet off the ground.  Claimant quickly accepted the bet, climbed up the
 tree, and began walking out on the limb.  He then "cradled" the limb,
 turned over, hung off the
 branch, and deliberately dropped to the ground.  
It
 is undisputed that Claimant landed on his feet and limped over to the truck in
 which the crew rode to the location.  He then began to feel pain in his right
 leg.  Frank
 called Employer's owner, William Hampton (Owner), to determine how to respond
 to Claimant's injury.  Frank also asked Cesar to advise Claimant that he should
 tell others he stepped in a hole.  Employer's secretary drove Claimant to
 Doctor's Care and later took him to a local hospital for further treatment. 
 The next day, Frank gave a written statement to Owner's wife.  In the
 statement, Frank alleged that Claimant had climbed the tree without being
 instructed to do so and that the tree in question was not the type of tree that
 Employer would maintain.  Frank also stated "It appears that [Claimant]
 climbed the tree for fun.  He was injured when he jumped or fell out of the
 tree."  
Claimant sought temporary
 total disability benefits as well as payment of all medical expenses related to
 his leg injury.  Employer and its insurer, Accident Fund Insurance Company of
 America (Carrier), contested the claim on the ground that Claimant had been
 engaging in horseplay when he injured his right leg.  The Single Commissioner
 found that Claimant was not engaging in horseplay and awarded Claimant the
 requested benefits.  The Appellate Panel reversed the award, finding that
 Claimant was in fact engaging in horseplay, and, therefore, his injury did not
 arise out of and in the course of his employment.  This
 appeal followed.  
ISSUE ON APPEAL
Was
 the Appellate Panel's finding that Claimant's injury did not arise out of and
 in the course of his employment supported by substantial evidence when the
 testimony on which the Appellate Panel relied was purportedly not credible?[2]
STANDARD
 OF REVIEW
The South Carolina
 Administrative Procedures Act establishes the standard for judicial review of
 decisions by the Appellate Panel of the Workers' Compensation Commission.  See Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-35, 276 S.E.2d 304,
 306 (1981).  Specifically, section 1-23-380 of the South Carolina Code
 (Supp. 2010) provides that this court may not substitute its judgment for that
 of the Appellate Panel as to the weight of the evidence on questions of fact,
 but may reverse when the decision is affected by an error of law.[3]  See Hamilton v.
 Bob Bennett Ford, 336 S.C. 72, 76,
 518 S.E.2d 599, 600-01 (Ct. App. 1999), modified on other grounds,
 339 S.C. 68, 528 S.E.2d 667 (2000) (interpreting section
 1-23-380).  Section 1-23-380 allows reversal of a factual finding of the
 Appellate Panel only if it is "clearly erroneous in view of the reliable,
 probative, and substantial evidence on the whole record."

 In workers' compensation cases, the Commission
 is the ultimate factfinder.  This Court must affirm the findings of fact made
 by the full commission if they are supported by substantial evidence.  Substantial
 evidence is not a mere scintilla of evidence, but evidence which, considering
 the record as a whole, would allow reasonable minds to reach the conclusion the
 agency reached.

Pierre v. Seaside Farms,
 Inc., 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010) (internal citations
 and quotations marks omitted).
LAW/ANALYSIS
Claimant
 contests the Appellate Panel's finding that his injury did not arise out of and
 in the course of his employment.  He argues that this finding is not supported
 by substantial evidence because his supervisor, Frank, and his interpreter, Cesar, who
 both testified that Claimant jumped out of a tree on a bet, had no
 credibility.  Claimant asserts that Cesar and Frank admitted in the hearing
 before the Single Commissioner that they did not initially tell the truth about
 how Claimant injured himself.  Therefore, Claimant argues, their hearing testimony
 could not be believed.  We disagree.
"In
 workers' compensation cases, the Full Commission is the ultimate fact finder."  Shealy v. Aiken County, 341 S.C. 448, 455, 535
 S.E.2d 438, 442 (2000).  "The final determination of
 witness credibility and the weight to be accorded evidence is reserved to the
 Full Commission."  Id.  "It is not the task of this Court to
 weigh the evidence as found by the Full Commission."  Id.

 Further, the trier of fact has the prerogative to believe one part of a
 witness's testimony while simultaneously disbelieving other parts of the same
 witness's testimony.  See Holcombe v. Dan River Mills,
 286 S.C. 223, 225, 333 S.E.2d 338, 340 (Ct. App. 1985) ("The Commission in workers' compensation cases sits as a jury does.
 It is elementary that a jury may believe part or all of a witness's testimony[.]"). 
 Therefore, Claimant's argument that the testimony of Frank and Cesar cannot
 constitute substantial evidence because they admitted to previous
 misrepresentations is unconvincing.  The Appellate Panel could have believed
 the testimony of Cesar and Frank that they were afraid they would lose their jobs
 if Employer learned that Claimant climbed the tree on a bet from Cesar and that
 Frank allowed this to happen.      
Additionally,
 Owner's testimony supported the Appellate Panel's finding that Claimant's
 injury did not arise out of and in the course of his employment.  Owner stated
 that the only time that his workers would attempt to trim a large oak tree was
 when it could be done with an extension pole saw and a stepladder and when the
 limb was not too big.  Owner also testified that his standard practice was to
 subcontract out to Budget the trimming of any out-of-reach branches; and, that he
 had in fact used Budget for the very property on which Claimant and his
 co-workers were located on the day of the injury.    
Claimant
 also argues that the Appellate Panel made no credibility findings, and, as a
 result, the Single Commissioner's finding that the testimony of Frank and Cesar
 was not credible was left undisturbed.  Hence, Claimant asserts, this court
 should give deference to the Single Commissioner's credibility determination. 
 We disagree.  In the fifth finding of fact of the Appellate Panel's decision,
 it relied on the testimony of Frank and Cesar.  Therefore, there is no question
 that the Appellate Panel found this testimony to be credible.  As stated
 earlier, this court is required to give deference to the Appellate Panel's
 credibility determination.  See Shealy,
 341 S.C. at 455, 535 S.E.2d at 442 ("The final
 determination of witness credibility and the weight to be accorded evidence is
 reserved to the Full Commission.").
Based on the
 foregoing, the evidence in the record would allow reasonable minds to reach the
 conclusion the Appellate Panel reachedthat Claimant was engaging in horseplay,
 and, thus, his injury was not compensable.  See Jones
 v. Hampton Pontiac, 304 S.C. 440, 441-42, 405 S.E.2d 395, 395-96 (1991)
 (holding that an employee's demonstration of a karate kick, while on break, did not
 give rise to his injury as a natural incident of the work, and, therefore, his
 injury was not compensable).  Hence, the Appellate Panel's finding
 that Claimant's injury did not arise out of and in the course of his employment
 was supported by substantial evidence.  See Pierre, 386 S.C. at 540,
 689 S.E.2d at 618 ("Substantial evidence is not a mere scintilla of evidence, but evidence
 which, considering the record as a whole, would allow reasonable minds to reach
 the conclusion the agency reached.") (internal citations
 and quotation marks omitted) (emphasis added).
CONCLUSION
Accordingly, the
 Appellate Panel's decision is  
AFFIRMED.
WILLIAMS,
 GEATHERS, and LOCKEMY, JJ., concur.

[1] We
 decide this case without oral argument pursuant to Rule 215, SCACR.
[2] A claimant's
 injury must arise out of his employment and occur in the
 course of his employment.  Beam v. State Workmen's
 Compensation Fund, 261 S.C. 327, 331, 200
 S.E.2d 83, 85 (1973).  

 The two elements must co-exist. They must be concurrent and
 simultaneous. One without the other will not sustain an award; yet the two are
 so entwined that they are usually considered together in the reported cases;
 and a discussion of one of them involves the other. 
 As is generally held,
 the words "arising out of" refer to the origin of the cause of the
 accident, while the words "in the course of
 employment," have reference to the time, place and circumstances under
 which the accident occurs.
 
 Douglas v. Spartan Mills,
 245 S.C. 265, 268-69, 140 S.E.2d 173, 174-75 (1965) (internal citation and
quotation marks omitted).

[3] The
 pertinent language of section 1-23-380 is as follows: 

 The
 court may not substitute its judgment for the judgment of the agency as to the
 weight of the evidence on questions of fact. The court may affirm the decision
 of the agency or remand the case for further proceedings. The court may reverse
 or modify the decision if substantial rights of the appellant have been
 prejudiced because the administrative findings, inferences, conclusions, or
 decisions are:  (a) in violation of constitutional or statutory provisions; (b)
 in excess of the statutory authority of the agency; (c)
 made upon unlawful procedure; (d)
 affected by other error of law; (e)
 clearly erroneous in view of the reliable, probative, and substantial evidence
 on the whole record; or (f)
 arbitrary or capricious or characterized by abuse of discretion or clearly
 unwarranted exercise of discretion.