THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE
 STATE OF SOUTH CAROLINA
In
 The Court of Appeals 

 
 
 
 Judy Marie Barnes, Employee, Appellant,
 v.
 Charter 1 Realty, Employer, and Technology Insurance Co. Amtrust
 South, Carrier, Respondents.
 
 
 

Appeal
 From Appellate Panel
 South
 Carolina Workers' Compensation Commission

Unpublished
 Opinion No. 2012-UP-025   
 Heard
 December 7, 2011  Filed January 25, 2012

AFFIRMED

 
 
 
 Michael
 J. Jordan, David T. Pearlman, and J. Kevin Holmes, all of Goose Creek, for
 Appellant.
 Natalie
 Byars Fisher, of Charleston, for Respondents.
 
 
 

PER CURIAM: Judy Barnes
 appeals the decision of the Appellate Panel of the Workers' Compensation
 Commission denying her benefits for falling at work.  We affirm pursuant to
 Rule 220(b)(1), SCACR, and the following authorities: Crosby
 v. Wal-Mart Store, Inc., 330 S.C. 489, 496, 499 S.E.2d 253, 257
 (Ct. App. 1998) ("The burden is on the claimant to prove such facts as will render
 the injury compensable, and such an award must not be based on surmise,
 conjecture or speculation."); Pierre v. Seaside Farms, Inc., 386
 S.C. 534, 541, 689 S.E.2d 615, 618 (2010) (stating for an injury to be
 compensable, it must arise out of and in the course of employment); id. (providing "'[a]rising out of' refers to the origin and cause of the
 accident" and "an accident arises out of the employment when the
 accident happens because of the employment"); Crosby, 330 S.C. at 496,
 499 S.E.2d at 257 (affirming the denial of benefits when substantial evidence
 supported the Commission's finding claimant "failed to show a causal
 connection between her fall and her employment").
AFFIRMED.
FEW,
 C.J., and THOMAS and KONDUROS, JJ., concur.