**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Patricia Johnson, Claimant, Appellant,

v.

Staffmark, Employer, and New Hampshire Insurance Company, Carrier, Respondents.

Appellate Case No. 2012-213494

‒‒‒‒‒‒‒‒

Appeal From the Workers' Compensation Commission

‒‒‒‒‒‒‒‒

Unpublished Opinion No. 2014-UP-095
Heard January 16, 2014 – Filed March 5, 2014

‒‒‒‒‒‒‒‒

**AFFIRMED**

‒‒‒‒‒‒‒‒

Paula Howker Amick and Patrick Sinclair Scarlett, both of George Sink, PA Injury Lawyers, of Columbia, for Appellant.

Grady L. Beard and B. Gibbs Leaphart, Jr., both of Sowell Gray Stepp & Laffitte, LLC, of Columbia, for Respondents.

‒‒‒‒‒‒‒‒

**PER CURIAM:** Appellant Patricia Johnson appeals the Appellate Panel of the South Carolina Workers' Compensation Commission's (the Commission) finding

that she did not sustain compensable injuries to her left leg and left foot when she fell while entering a doorway in the workplace. Johnson argues the Commission erred in finding her injuries did not arise out of her employment and were, instead, the result of an idiopathic failure of the left ankle. We affirm.

To be entitled to workers' compensation benefits, a claimant must show he or she sustained an "injury by accident arising out of and in the course of employment." S.C. Code Ann. § 42-1-160(A) (Supp. 2013). "'An injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal relationship between the conditions under which the work is to be performed and the resulting injury.'" *Crisp v. SouthCo., Inc.*, 401 S.C. 627, 641, 738 S.E.2d 835, 842 (2013) (quoting *Rodney v. Michelin Tire Corp.*, 320 S.C. 515, 518, 466 S.E.2d 357, 358 (1996)). However, an injury is excluded from compensability under the Workers' Compensation Act when it "cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment." *Crosby v. Wal-Mart Store, Inc.*, 330 S.C. 489, 493, 499 S.E.2d 253, 255 (Ct. App. 1998). "The burden is on the claimant to prove such facts as will render the injury compensable, and such an award must not be based on surmise, conjecture or speculation." *Id.* at 496, 499 S.E.2d at 257.

At the hearing before the Single Commissioner, Johnson presented evidence that the premises surrounding the workplace were wet from recent rain, and she had to step up and over an approximately two-inch raised threshold in order to enter the building. Johnson admitted that she did not trip over the raised threshold; however, she testified that there wet shoeprints on the concrete floor where she fell. Contrary to Johnson's testimony, Johnson's supervisor, who did not witness the fall, testified that the concrete floor on which Johnson fell was dry when he inspected the floor following the accident.

In this instance, there was conflicting testimony regarding whether the concrete floor was wet. The weight to be given to witness testimony is a matter for the Commission rather than this court. *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000). Accordingly, we find the Commission's denial of benefits based upon Johnson's failure to prove a causal relationship between her injuries and her employment is supported by substantial evidence in the record. *See Crosby*, 330 S.C. at 496, 499 S.E.2d at 257 (stating the claimant has the burden of proving facts that will render the injury compensable within the Workers' Compensation Act).

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**