Justice PLEICONES.
I respectfully dissent. In my opinion, this case presents a question of substantial evidence and not one of law, and the Court of Appeals was correct to affirm the Workers’ Compensation Commission’s decision to deny compensation. I would therefore dismiss the writ of certiorari as improvidently granted.
An accident is compensable only where it both “arises out” of employment and occurs “in the course of employment.” These two requirements are not synonymous, and the claimant must prove both. An injury “arises out” of employment when *400 there is a causal connection between the conditions under which the work is required to be performed and the injury. “In the course of employment” requirement is met by proof that the accident happened within the period of employment, at a place the employee reasonably may be in the performance of her duties, and while fulfilling those duties or engaging in something incidental to those duties. See, e.g., Ardis v. Combined Ins. Co., 380 S.C. 313, 669 S.E.2d 628 (Ct.App.2008). In my opinion, the majority erroneously equates these two requirements when it concludes petitioner’s fall “arose out” of her employment because she was performing her job when she fell.
South Carolina is among the minority of jurisdictions that deny compensation for unexplained falls. Crosby v. Wal-Mart Store, Inc., 330 S.C. 489, 499 S.E.2d 253 (1998), citing 1 Arthur Larson & Lex K. Larson, Workers’ Compensation Law § 10.31(a) (1977). Absent special conditions or circumstances, a level floor cannot cause an accident. Bagwell v. Ernest Burwell, Inc., 227 S.C. 444, 88 S.E.2d 611 (1955). Where the claimant presents no evidence as to what caused the fall, it is wholly conjectural to say that “employment was a contributing cause of [petitioner’s] injury.” Id. Here, since petitioner presented no evidence that her employment was a proximate cause of her fall, she did not meet the “arises out of employment” component required to prove a compensable injury.
In my opinion, substantial evidence supports the Commission’s decision that petitioner failed to meet her burden of showing her fall was compensable. Further, to the extent the Commission erred in equating ‘idiopathic’ falls with ‘unexplained’ falls, the record nonetheless reflects petitioner presented no evidence that her fall arose out of her employment, that is, that her fall on a level surface was the result of a special condition or circumstance. Bagwell, supra.
I respectfully dissent and would dismiss the writ of certiora-ri as improvidently granted.