759 S.E.2d 443

Mildred H. SHATTO, Employee/Claimant, Respondent,

v.

McLEOD REGIONAL MEDICAL CENTER and Key Risk
Management Services, Inc., Employer/Carrier,
Appellants,

and

Staff Care, Inc., and Travelers Insurance,
Employer/Carrier, Respondents.

Appellate Case No. 2009–130166.

No. 5239.

Court of Appeals of South Carolina.

Submitted Dec. 18, 2013.
Decided June 11, 2014.

Weston Adams, III, and Helen Faith Hiser, both of Columbia, and Walter Hilton Barefoot, of Florence, all of McAngus Goudelock & Courie, LLC; Carmelo Barone Sammataro, of Turner Padget Graham & Laney, PA, of Columbia, for Appellant.

John S. Nichols, Margaret Miles Bluestein, and Blake Alexander Hewitt, all of Bluestein Nichols Thompson & Delgado, LLC, of Columbia, for Respondent Mildred Shatto; Candace G. Hindersman, of Willson Jones Carter & Baxley, PA, of Columbia, for Respondent Staff Care, Inc.

## ON REMAND FROM THE SUPREME COURT

WILLIAMS, J.

This case comes before this court on remand after our supreme court's decision in *Shatto v. McLeod Regional Medi-*

*cal Center*, 406 S.C. 470, 753 S.E.2d 416 (2013), with instructions to address whether Mildred Shatto's fall while in the operating room at McLeod Regional Hospital (McLeod) was idiopathic in nature. After a review of the record, we affirm the order of the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel) and find Shatto suffered a compensable, work-related injury.

## FACTS/PROCEDURAL HISTORY

The facts surrounding Shatto's employment with McLeod are largely set forth in *Shatto v. McLeod Regional Medical Center*, 394 S.C. 552, 716 S.E.2d 446 (Ct.App.2011). Shatto secured employment at McLeod after procuring the services of Staff Care, Inc. (Staff Care), a temporary medical service staffing company. Staff Care placed Shatto with McLeod as a certified registered nurse anesthetist (CRNA) to provide temporary medical services as a CRNA from November 2007 until February 2008. On December 21, 2007, Shatto fell on the operating room floor while assisting in the anesthetization of a patient. Shatto was treated in McLeod's emergency room and diagnosed with a contusion to the right eye. At the end of December 2007, Shatto's assignment with McLeod was terminated.

On April 30, 2008, Shatto filed a Form 50 against McLeod and Staff Care. After a hearing, the single commissioner concluded Shatto was an employee of McLeod and sustained an injury by accident in the course of her employment. McLeod appealed the single commissioner's decision, and the Appellate Panel affirmed the single commissioner. In McLeod's initial appeal to this court, it presented the following two questions: (1) whether Shatto was an employee of McLeod; and (2) whether Shatto's fall was compensable and not idiopathic in nature. After concluding Shatto was not an employee, this court declined to address McLeod's remaining contention regarding the compensability of her fall. *Shatto*, 394 S.C. at 567, 716 S.E.2d at 454. Shatto then appealed to our supreme court, which concluded "the evidence, although not one-sided, preponderate[d] in favor of an employment relationship." *Shatto*, 406 S.C. at 472, 753 S.E.2d at 417. Our supreme court then instructed this court to address McLeod's

additional assignment of error initially presented to, but not reached by, this court.

## STANDARD OF REVIEW

The Appellate Panel is the ultimate fact finder in workers' compensation cases and is not bound by the single commissioner's findings of fact. *Etheredge v. Monsanto Co.*, 349 S.C. 451, 454, 562 S.E.2d 679, 681 (Ct.App.2002). The findings of the Appellate Panel are presumed correct and will only be set aside if unsupported by substantial evidence. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981). "Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action." *Taylor v. S.C. Dep't of Motor Vehicles*, 368 S.C. 33, 36, 627 S.E.2d 751, 752 (Ct.App.2006) (internal citation omitted).

## LAW/ANALYSIS

McLeod contends Shatto's fall was not compensable because it was idiopathic in nature. We disagree.

To be compensable, an injury by accident must be one "arising out of and in the course of employment." S.C.Code Ann. § 42–1–160(A) (Supp.2013).

> The two parts of the phrase "arising out of and in the course of employment" are not synonymous. Also, both parts must exist simultaneously before a court will allow recovery. "Arising out of" refers to the injury's origin and cause, whereas "in the course of" refers to the injury's time, place, and circumstances. For an injury to "arise out of" employment, the injury must be proximately caused by the employment. An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. An injury occurs "in the course of" employment when it happens within the period of employment at a place where the employee reasonably may be in the performance of the employee's duties and while fulfilling those duties or engaging in something incidental to those duties.

*Ardis v. Combined Ins. Co.*, 380 S.C. 313, 320–21, 669 S.E.2d 628, 632 (Ct.App.2008) (internal citations omitted).

 When an employee has an idiopathic fall while standing on a level surface, and in the course of the fall, hits no machinery, furniture, or other objects that would otherwise contribute to the effect of the fall, the majority of jurisdictions deny compensation. *Crosby v. Wal–Mart Store, Inc.*, 330 S.C. 489, 493, 499 S.E.2d 253, 256 (Ct.App.1998) (citing 1 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* § 12.14(a) (1997)). "The reasoning behind this viewpoint is that the basic cause of the harm is personal, and the employment does not significantly add to the risk." *Id.* As a result, an injury resulting from an idiopathic or unexplained fall is generally not compensable unless the employment contributed to either the cause or the effect of the fall. *Bagwell v. Ernest Burwell, Inc.*, 227 S.C. 444, 452–53, 88 S.E.2d 611, 614–15 (1955). To be compensable, the injury is not required to be foreseen or expected, but after the event, it must appear to have originated in a risk connected with the employment and to have come from that source as a rational consequence. *Ardis*, 380 S.C. at 321, 669 S.E.2d at 632.

 We find there is substantial evidence to support the Appellate Panel's decision that Shatto's injury was not a result of an idiopathic fall. In support of its conclusion, the Appellate Panel noted Shatto was preparing to "anesthetize a patient and was walking around the patient's bed when her foot became caught on something and she fell." Moreover, the Appellate Panel further stated, "[a]lthough [Shatto] does not know the exact item she tripped over, her shoe was still at the head of the bed when [Shatto] tried to stand up after her fall."

Shatto's testimony before the single commissioner supports the Appellate Panel's conclusion as well. Specifically, Shatto testified as follows:

[McLeod]: Tell me exactly —— you say you were walking around to the side of the bed. Do you know exactly what you fell on? How would you describe what happened to you?

[Shatto]: The patient's bed was an electric one, so it had an electrical cord to connect it. There was an I.V. pole with

the patient, and it had a pump on it, so that had a cord to be plugged in, and there was an extra I.V. pole on it at the head of the bed towards the left side of the bed. I don't know for sure what my foot caught on, but it was one of those three things: the I.V. pole or cords from the bed or the pump.

Based on the foregoing, we hold the Appellate Panel properly found Shatto's injury was compensable. Although Shatto did not directly and unequivocally testify to what specifically caused her to fall, there is ample circumstantial evidence in the record that Shatto's fall was the result of conditions of her employment. *See Tiller v. Nat'l Health Care Ctr. of Sumter,* 334 S.C. 333, 341, 513 S.E.2d 843, 846–47 (1999) (holding proof that workers' compensation claimant sustained an injury may be established by circumstantial and direct evidence); *Taylor,* 368 S.C. at 36, 627 S.E.2d at 752 (stating evidence is substantial if, considering the record as a whole, it "would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action" (quoting *S.C. Dep't of Motor Vehicles v. Nelson,* 364 S.C. 514, 519, 613 S.E.2d 544, 547 (2005))); *Rogers v. Kunja Knitting Mills, Inc.,* 312 S.C. 377, 381, 440 S.E.2d 401, 403 (Ct.App.1994) (holding the circuit court's reversal of the Appellate Panel was error because although the evidence conflicted, the Appellate Panel's findings were supported by substantial evidence). Shatto had an explanation for her fall, and although she was not absolutely certain as to what caused her fall, she identified specific, non-internal reasons for tripping. *Cf. Crosby,* 330 S.C. at 495, 499 S.E.2d at 256 (finding claimant failed to present any evidence as to what caused her to fall and concluding it would be wholly conjectural to conclude her employment was a contributing cause of her injury). Because Shatto presented satisfactory evidence that "the origin of the risk was connected with [her] employment," we hold her injury flowed as a natural consequence of her work at the hospital and thus arose out of and in the course of her employment with McLeod. *See Douglas v. Spartan Mills, Startex Div.,* 245 S.C. 265, 269, 140 S.E.2d 173, 175 (1965) ("[The causative danger] need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have

flowed from that source as a rational consequence." (internal quotation marks and citation omitted)).

## CONCLUSION

Based on the foregoing, we hold Shatto sustained a compensable, work-related injury, and she was entitled to workers' compensation benefits for her injuries. Accordingly, the Appellate Panel's decision is

**AFFIRMED.**

GEATHERS and LOCKEMY, JJ., concur.