# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Judy Marie Barnes, Employee, Petitioner,

v.

Charter 1 Realty, Employer, and Technology Insurance Co. Amtrust South, Carrier, Respondents.

Appellate Case No. 2012-212389

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from The Workers' Compensation Commission

---

Opinion No. 27479
Heard September 24, 2014 – Filed January 14, 2015

---

## REVERSED AND REMANDED

---

James K. Holmes and David T. Pearlman, both of the Steinberg Law Firm, LLP, of Charleston, and Michael J. Jordan, of The Steinberg Law Firm, LLP, of Goose Creek, for Petitioner.

Natalie B. Fisher, of Fisher Law Firm, LLC, of Mount Pleasant, for Respondents.

---

**JUSTICE HEARN:** This case requires us to clarify the idiopathic exception to workers' compensation. Judy Barnes tripped and fell at work while walking

down the hallway to check e-mail for another employee. Although there was no evidence that her fall was precipitated by an internal condition—such as her legs giving out or her fainting—the single commissioner and appellate panel found that her fall was idiopathic and therefore noncompensable. The court of appeals affirmed. We now reverse.

## FACTUAL/PROCEDURAL HISTORY

Barnes was employed as an administrative assistant at Charter 1 Realty. On the day of her injury, Barnes was asked to check the e-mail of one of the realtors before noon. Around 11:30 a.m., Barnes left her desk and walked toward the realtor's office. However, she stumbled, fell, and sustained serious injuries: a broken left femur, broken left humerus and a torn rotator cuff.

Barnes subsequently filed a claim for workers' compensation. At the hearing, Barnes testified she was hurrying to the realtor's office to check her e-mail and that caused her to fall. Evidence was also introduced that her husband did not like the shoes she wore, and he had told her she needed to pick up her feet when she walked.

The single commissioner denied her claim, finding there was no explanation for the fall and it was not caused by some hazard at work or a deficiency in the carpet. Based upon these findings, the commissioner concluded Barnes' fall was idiopathic. The commissioner also concluded no competent evidence was presented that her employment contributed to her fall.

The appellate panel affirmed, adopting the order of the single commissioner in its entirety. Barnes appealed and the court of appeals affirmed in a memorandum decision. *Barnes v. Charter 1 Realty*, Op. No 2012-UP-025 (S.C. Ct. App. filed Jan. 25, 2012). We granted a writ of certiorari.

## ISSUES PRESENTED

I.  Did the court of appeals err in affirming the appellate panel's finding that Barnes' fall was idiopathic?

II. Did the court of appeals err in affirming the appellate panel's finding that Barnes' fall did not arise out of her employment?

## STANDARD OF REVIEW

Workers' compensation law is to be liberally construed in favor of coverage to serve the beneficent purpose of the Workers' Compensation Act; therefore, only exceptions and restrictions on coverage are to be strictly construed. *James v. Anne's Inc.*, 390 S.C. 188, 198, 701 S.E.2d 730, 735 (2010). On appeal from an appellate panel of the Workers' Compensation Commission, this Court can reverse or modify the decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record. *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010). "The claimant has the burden of proving facts that will bring the injury within the workers' compensation law, and such award must not be based on surmise, conjecture or speculation." *Crisp v. SouthCo.*, 401 S.C. 627, 641, 738 S.E.2d 835, 842 (2013). In a workers' compensation case, the appellate panel is the ultimate fact-finder. *Pratt v. Morris Roofing, Inc.*, 357 S.C. 619, 622, 594 S.E.2d 272, 273 (2004). However, where there are no disputed facts, the question of whether an accident is compensable is a question of law. *Grant v. Grant Textiles*, 372 S.C. 196, 201, 641 S.E.2d 869, 872 (2007).

## LAW/ANALYSIS

Barnes argues the court of appeals erred in affirming the finding that her fall was idiopathic and that it did not arise out of her employment. We agree.

## I.    IDIOPATHIC INJURIES

Based on the finding that there was no irregularity in the carpeting and Barnes could not otherwise explain her fall, the appellate panel held the fall was idiopathic and the court of appeals affirmed based on substantial evidence. However, we conclude the panel's holding is a departure from settled jurisprudence regarding idiopathic falls, and endeavor to clarify the scope of this doctrine. Because we hold the appellate panel committed an error of law, we do not believe the substantial evidence rule controls our decision.

Idiopathic falls are excepted from the general rule that a work-related injury is compensable. As an exception to workers' compensation coverage, the idiopathic doctrine should be strictly construed. *See Anne's Inc.*, 390 S.C. at 198, 701 S.E.2d at 735. An idiopathic fall is one that is "brought on by a purely personal condition unrelated to the employment, such as heart attack or seizure." 2 Modern Workers Compensation § 110:8. Idiopathic injuries are generally

noncompensable absent evidence the workplace contributed to the severity of the injury. *Bagwell v. Ernest Burwell, Inc.*, 227 S.C. 444, 452, 88 S.E.2d 611, 614 (1955). The idiopathic fall doctrine is based on the notion that an idiopathic injury does not stem from an accident, but is brought on by a condition particular to the employee that could have manifested itself anywhere. *See Ellis v. Spartan Mills*, 276 S.C. 216, 219, 277 S.E.2d 590, 592 (1981) ("'The adjective 'accidental' qualifies and described the injuries contemplated by the statute as having the quality or condition of happening or coming by chance or without design, taking place unexpectedly or unintentionally. If one becomes ill while at work from natural causes, the state or condition is not accidental since it is a natural result or consequence and might be termed normal and to be expected.'" (quoting *Hiers v. Brunson Constr. Co.*, 221 S.C. 212, 230, 70 S.E.2d 211, 219–220 (1952)).

In finding the unexplained nature of Barnes' fall rendered it idiopathic, the appellate panel relied on the court of appeals' opinion in *Crosby v. Wal-Mart Store, Inc.*, 330 S.C. 489, 499 S.E.2d 253 (Ct. App. 1998). In *Crosby*, the court affirmed the finding that the claimant's fall was idiopathic, basing its conclusion on the fact the fall was a result of an internal failure or breakdown in the knee. *Id.* at 494–495, 499 S.E.2d at 256. The court specifically referenced testimony of another employee that Crosby had indicated her leg "gave out" to support this finding. *Id.* at 494, 499 S.E.2d at 256. Thus, in *Crosby* the court did not find the cause of the fall was unknown, but found it was in fact occasioned by an internal and personal condition specific to Crosby, and was therefore idiopathic in nature.

The holding in Crosby is in harmony with how our courts have consistently applied the idiopathic exception—the circumstances of the fall were not simply unexplained, but indicated the cause was internal. *See, e.g.*, *Bagwell*, 227 S.C. at 450, 88 S.E.2d at 613 (finding fall was idiopathic where employee was standing at a desk and suddenly fell rigidly backward without crying out or making any attempt to catch himself); *Miller v. Springs Cotton Mills*, 225 S.C. 326, 330, 82 S.E.2d 458, 459 (1954) (denying compensation finding the claimant's knee failed to function normally and concluding the fall was caused by "some internal failure or breakdown in the knee which might have happened at any time"): *c.f. Shatto v. McLeod Reg'l Med. Ctr.*, 408 S.C. 595, 600, 759 S.E.2d 443, 445–46 (Ct. App. 2014) (affirming award of compensation and concluding fall was not idiopathic where claimant did not "directly and unequivocally testify to what specifically caused her fall" but "identified specific, non-internal reasons for tripping").

By contrast, the appellate panel here concluded Barnes' fall was idiopathic

simply because she could not point to any cause of the fall. Specifically, it found:

> There was no substance, no object, no item, no debris, or anything else over which the Claimant tripped. The surface she walked on in the hallway was level without any bubbling or alterations in the carpet. There was no evidence her fall was caused by any hazards of her work. Therefore, the greater weight of the evidence, including the Claimant's own testimony, indicates that the Claimant's injuries were caused by an idiopathic fall.

This reasoning does not comport with our jurisprudence of idiopathy. As discussed *supra*, an idiopathic fall arises from an internal breakdown personal to the employee, thus negating any causal connection. A finding that a fall is idiopathic is not warranted simply because the claimant is unable to point to a specific cause of her fall.

We therefore find the appellate panel's conclusion that Barnes' fall was idiopathic is an error of law and contrary to the very foundation of the idiopathic exception. There is no evidence that her leg gave out or she suffered some other internal breakdown or failure. She did not faint or have a seizure. It is irrelevant that the carpet or hallway was not defective. Whether she tripped because she was hurrying or she tripped over her own feet, neither is an internal breakdown or weakness that falls within the ambit of idiopathy. Accordingly, we find the court of appeals erred in affirming the finding that Barnes' fall was idiopathic.[1]

## II.    ARISING OUT OF EMPLOYMENT

The respondents also argue there is substantial evidence in the record to

---

[1] We soundly reject the respondents' assertion that there is substantial evidence in the record to support the finding that Barnes suffered an idiopathic fall. In support of this argument, the respondents point only to the evidence that Barnes tripped over her own feet, asserting that this could have happened anywhere. We have no quarrel with that characterization of the facts; however, as discussed *supra*, they fail to establish an idiopathic fall. Additionally, our review of the record contains no suggestion that Barnes suffered any internal breakdown which caused this fall. Although she fell previously in a grocery store parking lot, that fall was also apparently due to her tripping, not a personal health defect. We find no legal authority indicating clumsiness is an exception to workers' compensation.

support the finding Barnes' injury did not arise out of her employment. We disagree.

For an accidental injury to be compensable, it must "aris[e] out of and in the course of the employment." S.C. Code Ann. § 42-1-160(A) (Supp. 2013). Arising out of refers to the injury's origin and cause, whereas in the course of refers to the injury's time, place, and circumstances. *Osteen v. Greenville Cnty. Sch. Dist.*, 333 S.C. 43, 50, 508 S.E.2d 21, 24 (1998). An injury arises out of employment if it is proximately caused by the employment. *Douglas v. Spartan Mills, Startex Div.*, 245 S.C. 265, 269, 140 S.E.2d 173, 175 (1965). For an injury to arise out of employment, there must be a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Grant Textiles*, 372 S.C. at 201, 641 S.E.2d at 871.

Because we find the material facts are not in dispute, we decide this issue as a matter of law. In holding Barnes' injury was noncompensable, the appellate panel found:

> Although the Claimant undoubtedly fell while in the work place this fact alone does not make her claim compensable. The Claimant was at work and she testified she was going to check e-mails when she fell in the hallway, but there is no competent evidence that her employment contributed to her fall or its effect on her.

In our view, the appellate panel's finding does not support its ultimate conclusion. As the panel acknowledged, Barnes was performing a work task when she tripped and fell. Those facts alone clearly establish a causal connection between her employment and the injuries she sustained.[2] *See Nicholson v. S.C. Dep't of Social*

---

[2] As the respondents' attorney admitted during oral arguments, had Barnes been on the way to the bathroom or to get a cup of coffee, her injuries would be compensable under the personal comfort doctrine. *See Mack v. Branch No. 12, Post Exch., Fort Jackson*, 207 S.C. 258, 264, 35 S.E.2d 838, 840 (1945) ("Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment."). We reject any interpretation of workers' compensation law which would permit recovery when an employee falls while attending to her personal needs but denies recovery when she falls while actually working.

*Servs.*, Op. No. 27478 (S.C. Sup. Ct. filed Jan. 14, 2015) (finding claimant who tripped and fell on the way to a meeting was entitled to compensation because "[t]he circumstances of her employment required her to walk down the hallway to perform her responsibilities and in the course of those duties she sustained an injury; these facts establish a causal connection between her employment and her injuries"). Barnes clearly established that she was performing her job when she sustained an accidental injury; we therefore hold her injuries arose out of her employment as a matter of law.

## CONCLUSION

Based on the foregoing, we reverse the court of appeals' opinion affirming the appellate panel's denial of compensation and remand for a determination of the appropriate award.

**TOAL, C.J., BEATTY, and KITTREDGE, JJ., concur. PLEICONES, J., dissenting in a separate opinion.**

**JUSTICE PLEICONES:** I respectfully dissent. In my opinion, this case presents a question of substantial evidence and not one of law, and the Court of Appeals was correct to affirm the Workers' Compensation Commission's decision to deny compensation. I would therefore dismiss the writ of certiorari as improvidently granted.

An accident is compensable only where it both "arises out" of employment and occurs "in the course of employment." These two requirements are not synonymous, and the claimant must prove both. An injury "arises out" of employment when there is a causal connection between the conditions under which the work is required to be performed and the injury. "In the course of employment" requirement is met by proof that the accident happened within the period of employment, at a place the employee reasonably may be in the performance of her duties, and while fulfilling those duties or engaging in something incidental to those duties. *See*, *e.g.*, *Ardis v. Combined Ins. Co.*, 380 S.C. 313, 669 S.E.2d 628 (Ct. App. 2008). In my opinion, the majority erroneously equates these two requirements when it concludes petitioner's fall "arose out" of her employment because she was performing her job when she fell.

South Carolina is among the minority of jurisdictions that deny compensation for unexplained falls. *Crosby v. Wal-Mart Store, Inc.*, 330 S.C. 489, 499 S.E.2d 253 (1998), citing 1 Arthur Larson & Lex K. Larson, *Workers' Compensation Law* § 10.31(a) (1977). Absent special conditions or circumstances, a level floor cannot cause an accident. *Bagwell v. Ernest Burwell, Inc.*, 227 S.C. 444, 88 S.E.2d 611 (1955). Where the claimant presents no evidence as to what caused the fall, it is wholly conjectural to say that "employment was a contributing cause of [petitioner's] injury." *Id.* Here, since petitioner presented no evidence that her employment was a proximate cause of her fall, she did not meet the "arises out of employment" component required to prove a compensable injury.

In my opinion, substantial evidence supports the Commission's decision that petitioner failed to meet her burden of showing her fall was compensable. Further, to the extent the Commission erred in equating 'idiopathic' falls with 'unexplained' falls, the record nonetheless reflects petitioner presented no evidence that her fall arose out of her employment, that is, that her fall on a

level surface was the result of a special condition or circumstance. *Bagwell*, *supra*.

I respectfully dissent and would dismiss the writ of certiorari as improvidently granted.