**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Keith Case, Employee, Appellant,

v.

J. Crawford Logging, Employer, and Palmetto Timber Fund, SIF, Carrier, Respondents.

Appellate Case No. 2015-000693

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2016-UP-302
Submitted March 1, 2016 – Filed June 15, 2016

---

**AFFIRMED**

---

Charles J. Hodge, of Hodge & Langley Law Firm, PC, of Spartanburg, for Appellant.

John Woodson Rabb, Jr., of Allen, Kopet & Associates, PLLC, of Columbia, for Respondents

---

**PER CURIAM:** Keith Case appeals an order from the South Carolina Workers' Compensation Commission Appellate Panel (the Appellate Panel) arguing the Appellate Panel erred in (1) concluding his doctor was unable to provide an opinion to a reasonable degree of medical certainty that his cervical pain was causally related to his accident and (2) failing to make specific findings of fact and

conclusions of law about his Magnetic Resonance Image and concluding he failed to carry his burden of proving a compensable injury to the spine. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

*Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 131-34, 276 S.E.2d 304, 305-06 (1981) (stating appeals from the Appellate Panel are governed by the Administrative Procedures Act (APA)); S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2015) (stating that under the scope of review established in the APA, this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse or modify the Appellate Panel's decision if the appellant's substantial rights have been prejudiced because the decision is affected by an error of law or is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record"); *Carter v. Verizon Wireless*, 407 S.C. 641, 647, 757 S.E.2d 528, 531 (Ct. App. 2014) ("As a general rule, an appellate court must affirm the findings of fact made by the [Appellate Panel] if they are supported by substantial evidence."); *Hill v. Eagle Motor Lines*, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) ("Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); *id.* ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the [Appellate Panel]'s finding from being supported by substantial evidence."); *Sharpe v. Case Produce, Inc.*, 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the [Appellate Panel] . . . ."); *Barnes v. Charter 1 Realty*, 411 S.C. 391, 395, 768 S.E.2d 651, 652 (2015) ("The claimant has the burden of proving facts that will bring the injury within the workers' compensation law, and such award must not be based on surmise, conjecture[,] or speculation." (quoting *Crisp v. Southco. Inc.*, 401 S.C. 627, 641, 738 S.E.2d 835, 842 (2013))).

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.