799 S.E.2d 304

**LeAndra LEWIS, Petitioner,**

**v.**

**L.B. DYNASTY, INC., d/b/a Boom Boom Room Studio 54 and S.C. Uninsured Employers' Fund, Defendants,**

**Of Whom S.C. Uninsured Employers' Fund is the Respondent.**

**Appellate Case No. 2015-002397**
**Opinion No. 27711**

Supreme Court of South Carolina.

Heard December 15, 2016
Filed April 19, 2017

Charles B. Burnette, III, of Burnette & Payne, PA, of Rock Hill, and John S. Nichols and Blake A. Hewitt, both of Bluestein Nichols Thompson & Delgado, LLC, of Columbia, for Petitioner.

Lisa C. Glover, of South Carolina Uninsured Employers' Fund, of Columbia, for Respondent.

JUSTICE HEARN:

In this case we review the decision of the court of appeals affirming the Workers' Compensation Commission's award of benefits to a dancer who was shot while performing at a nightclub. We find the commission's decision to award $75 per week is not supported by substantial evidence and therefore reverse and remand.

## FACTUAL BACKGROUND

Petitioner LeAndra Lewis sought workers' compensation benefits for injuries she suffered following a shooting in a night club operated by L.B. Dynasty. In a previous opinion, this Court held Lewis was an employee—not an independent contractor—of L.B. Dynasty, entitling her to workers' compensation benefits. *Lewis v. L.B. Dynasty*, 411 S.C. 637, 770 S.E.2d 393 (2015). We remanded the matter to the court of appeals to review the commission's order awarding benefits to Lewis. Ultimately, the court of appeals affirmed the commission's award of $75 per week.

In the order, which first delved into a lengthy analysis of Lewis's status as an independent contractor and precluded her from collecting workers' compensation benefits, the commission found that even if she had established herself as an employee, her compensation rate would be $75.00 per week. Specifically, the commission found, "There is no evidence whatsoever as to the amount of money [Lewis] earned, hours worked, etc. The only evidence is [Lewis's] testimony, which is self-serving. [Lewis] is bound by the wages earned from [L.B.

Dynasty] only." The commission then went on to state Lewis was required by Regulation 67-1603(H)[1] to submit a Form 20 to the claims department and her purported employer outlining her wages earned from other employers before any additional wages could be considered.

On remand, the court of appeals affirmed the commission's award,[2] holding "[Lewis's] average weekly wage was a factual determination supported by the evidence, and the single commissioner made no legal errors in its determination that she failed to meet her burden to prove her wages earned from other employers." *Lewis v. L.B. Dynasty*, Op. No. 2015-UP-339, 2015 WL 4137999 (S.C. Ct. App. July 8, 2015). This Court granted Lewis a writ of certiorari to review the award.

## STANDARD OF REVIEW

An appellate court may reverse or modify a decision by the Workers' Compensation Commission if the decision is not supported by substantial evidence or is affected by an error of law. S.C. Code Ann. § 1-23-380(5) (Supp. 2016); *Jones v. Ga.-Pac. Corp.*, 355 S.C. 413, 416, 586 S.E.2d 111, 113 (2003). Substantial evidence is "not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that [the commission] reached or must have reached" to support its orders. *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981).

## ANALYSIS

Lewis argues the court of appeals erred in holding the commission's findings were supported by substantial evidence. We agree.

1. 8 S.C. Code Ann. Regs. 67-1603(H) (2012).

2. In affirming Lewis's award, the court of appeals was limited to reviewing the original order issued by the commission which primarily analyzed whether Lewis was an employee or an independent contractor. The majority of both Lewis's hearing and the commission's order was devoted to determining her employment status and the issue of her compensation was addressed only summarily.

■ We defer to the commission as the finder of fact and do not engage in weighing the evidence before it. *See, e.g., Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010). Accordingly, we make no comment on the sufficiency of the evidence presented by Lewis. However, the commission's order was devoid of any specific and detailed findings of fact to substantiate the award. *See* S.C. Code Ann. § 42-9-5 (2015) ("Any award made pursuant to this title must be based upon specific and written detailed findings of fact substantiating the award."). The commission summarily concluded Lewis was entitled to an award of $75 per week, without indicating what total it assigned to her average weekly wages, or how it reached that figure. Moreover, the commission's finding that Lewis presented "no evidence whatsoever" as to the amount of money she earned is plainly wrong. Therefore, we find the commission's order was not supported by substantial evidence and remand the matter of Lewis's award to the commission for a de novo hearing.[3]

## CONCLUSION

Based on the foregoing, we find the court of appeals erred in upholding the commission's order. In light of this case's procedural history and in fairness to both parties, we remand to the commission for a de novo hearing to determine the

---

3. In her brief, Lewis further argued the commission erred by considering her failure to file a Form 20 documenting her wages to be fatal to her case. We note that while the commission is entitled to consider the presence or absence of the form while weighing the evidence presented, the unique nature of Lewis's employment makes a Form 20 effectively useless in determining her average weekly wage. L.B. Dynasty never paid Lewis any wages—her earnings were solely dependent on tips given to her directly by patrons. Lewis testified that the other clubs where she performed operated in a similar manner. Accordingly, even if Lewis were to have obtained a Form 20 from L.B. Dynasty, the club had no knowledge of her earnings while she worked there, and the form would be of little use in aiding the commission to determine average weekly wages. Thus, an alternative method of wage calculation, such as the short-term employee provision of Section 42-1-40 of the South Carolina Code (2015), would have been necessary even if Lewis produced the form. Therefore, because the statutory scheme is designed to allow for alternative wage calculation methods when fairness requires, we hold the determination of Lewis's wages does not demand rigid adherence to the Form 20.

amount of benefits to which Lewis is entitled. The court of appeals' opinion is

**REVERSED.**

BEATTY, C.J., KITTREDGE, J. and Acting Justice James E. Moore, concur.

Acting Justice Costa M. Pleicones, concurring in result only.