803 S.E.2d 311

Jenna FORAN, Employee, Appellant,

v.

MURPHY USA, Employer, and Liberty Insurance Corporation, Carrier, Respondents.

Appellate Case No. 2015-001606
Opinion No. 5491

Court of Appeals of South Carolina.

Heard February 8, 2017
Filed June 14, 2017
Rehearing Denied August 30, 2017

378

C. Scott Masel, of Newby Sartip Masel & Casper, LLC, of Myrtle Beach, for Appellant.

Anne Veatch Noonan, of Willson Jones Carter & Baxley, P.A., of Mount Pleasant, and John Gabriel Coggiola, of Willson Jones Carter & Baxley, P.A., of Columbia, both for Respondents.

MCDONALD, J.:

This is a workers' compensation case arising from injuries Jenna Foran suffered while stocking cigarettes at a convenience store. Foran appeals the South Carolina Workers' Compensation Commission's denial of compensation, arguing the Commission erred in finding her injury was an idiopathic fall not compensable as an "injury by accident arising out of and in the course of [her] employment." S.C. Code Ann. § 42-1-160(A) (2015). We reverse and remand.

**FACTS/PROCEDURAL HISTORY**

Foran began working as a cashier for Murphy Oil in December 2013. She alleges that on April 29, 2014, she stood up after kneeling down to stock cigarettes and misstepped on the edge of a floor mat behind the cash register. Foran claims her left

ankle rolled on the uneven surface, causing her to suffer torn ligaments and requiring surgery.

At a hearing before the single commissioner, Respondents argued Foran suffered an idiopathic injury due to a pre-existing instability of her left ankle. Foran admitted she had surgery on her left ankle in 2004 [1] but claimed that after the surgery, her left ankle healed and she had no physical limitations. She testified that following her surgery, she worked as a cashier and lifeguard and also played volleyball and softball. Foran denied complaining about left ankle pain prior to her injury and recalled describing the injury to her supervisor, who stated she would need to inform the store manager, Randolph Stokes Rogers. Rogers testified that before her injury, Foran walked with a noticeable limp and complained multiple times about having a "bad ankle." However, he admitted no physical limitations precluded Foran from performing any of her job duties. Rogers claimed he did not hear about a mat causing Foran's injury until a few weeks before trial and said Foran told him "she was stocking cigarettes and when she went to get up her ankle kind of gave way."

Medical records from the day of Foran's injury documented that it occurred "when she stood up and may have caught on a mat twisting her left ankle—since then it is painful to bear weight on it." Dr. John Daly, at Doctors Care, noted Foran's x-rays indicated "[t]here may have been prior internal fixation, [but] no acute fracture [was] evident." After the Murphy Oil injury, Foran required work restrictions "due to an acute injury."

The notes of Dr. Ross Taylor at Coastal Orthopedics reflect Foran "admit[ted] to having complete loss of sensation distal to the mid cap area since her previous surgery" and "this [was] not related to her most recent injury." Dr. Taylor concluded Foran's "left ankle [was] grossly unstable and the previous repair ruptured at the time of her most recent injury in all likelihood." Dr. Taylor's report further indicated Foran's pain "began when she was at work after slipping and falling."

After reviewing the store surveillance video from the time of her injury and inspecting the mat, the single commissioner

---

1. Medical records reflect Foran had surgery on her left ankle in December 2005.

determined Foran's injury was idiopathic and not caused or aggravated by her work or any special risk posed by her employment. The single commissioner concluded the video showed Foran standing at the register with both feet forward when her left ankle rolled and noted (1) Foran's description of the accident differed from what the video depicted; (2) Rogers testified Foran never told him the mat caused her fall and he only learned this two weeks before the hearing date; (3) Rogers testified Foran walked with a "significant and noticeable limp on the left side prior to April 29, 2014"; and (4) a medical report indicated Foran reported her left ankle pain began after she slipped and fell but did not describe slipping on a mat.

The Appellate Panel affirmed the single commissioner's order based on Foran's chronic left ankle instability, the surveillance video, Foran's testimony, and Rogers's testimony.

## STANDARD OF REVIEW

 "[W]orkers' compensation [statutes are] to be liberally construed in favor of coverage in order to serve the beneficent purpose of the [Workers' Compensation] Act; only exceptions and restrictions on coverage are to be strictly construed." *James v. Anne's Inc.*, 390 S.C. 188, 198, 701 S.E.2d 730, 735 (2010). "An appellate court can reverse or modify the [Appellate Panel]'s decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record." *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010). "Substantial evidence is 'not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that [the commission] reached or must have reached' to support its orders." *Lewis v. L.B. Dynasty, Inc.*, 419 S.C. 515, 799 S.E.2d 304 (2017) (Shearouse Adv. Sh. No. 16 at 27, 29) (quoting *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981)).

## LAW/ANALYSIS

 Foran argues the Appellate Panel erred in finding her injury resulted from an idiopathic fall that was not compensable as an "injury by accident arising out of and in the

course of [her] employment." § 42-1-160(A). We agree. "Idiopathic falls are excepted from the general rule that a work-related injury is compensable. As an exception to workers' compensation coverage, the idiopathic doctrine should be strictly construed." *Barnes v. Charter 1 Realty*, 411 S.C. 391, 395, 768 S.E.2d 651, 653 (2015). "An idiopathic fall is one that is 'brought on by a purely personal condition unrelated to the employment, such as heart attack or seizure.' " *Id.* at 395–96, 768 S.E.2d at 653 (quoting 2 Modern Workers Compensation § 110:8). "The idiopathic fall doctrine is based on the notion that an idiopathic injury does not stem from an accident, but is brought on by a condition particular to the employee that could have manifested itself anywhere." *Id.* at 396, 768 S.E.2d at 653.

In *Crosby v. Wal-Mart Store, Inc.*, Crosby fell while walking through the store on her way to a meeting, but she was unable to identify anything on the floor that caused her to slip. 330 S.C. 489, 490, 499 S.E.2d 253, 254 (Ct. App. 1998). As Crosby failed to present any evidence of what caused her to fall, our court concluded it would be "wholly conjectural to say under the evidence presented that Crosby's employment was a contributing cause of her injury." *Id.* at 495, 499 S.E.2d at 256. The court deemed Crosby's fall idiopathic and affirmed the denial of benefits, attributing her injury "to an internal breakdown within the claimant's body where the claimant failed to present evidence as to the cause of the occurrence." *Id.* at 496, 499 S.E.2d at 257; *see also Miller v. Springs Cotton Mills*, 225 S.C. 326, 330, 82 S.E.2d 458, 459 (1954) (finding claimant's knee failed to function normally and her near-fall was caused by "some internal failure or breakdown in the knee which might have happened at any time" where claimant's testimony indicated her feet were flat on the floor and she simply lost balance while attempting to rise from a cafeteria chair).

More recently, in *Barnes*,[2] our supreme court clarified the idiopathic exception. Barnes, an administrative assistant,

---

**2.** Foran's hearing before the single commissioner was held October 31, 2014; the single commissioner issued his order on January 14, 2015. The supreme court issued the opinions in *Nicholson v. South Carolina Department of Social Services*, 411 S.C. 381, 769 S.E.2d 1 (2015), and *Barnes v. Charter 1 Realty*, 411 S.C. 391, 768 S.E.2d 651 (2015), that same day.

stumbled, fell, and sustained serious injuries while walking to a realtor's office to check e-mail. She was unable to point to any cause of her fall, and there was no irregularity in the office carpeting. *Barnes*, 411 S.C. at 394–95, 768 S.E.2d at 652–53. Despite the unexplained nature of the fall, our supreme court concluded Barnes's injuries were not idiopathic, distinguishing *Crosby* because there was "no evidence [Barnes's] leg gave out or she suffered some other internal breakdown or failure." *Id.* at 397, 768 S.E.2d at 654.[3]

In *Nicholson*, Nicholson was walking to a work meeting when she scuffed her foot on a level carpeted surface and fell. 411 S.C. at 383, 769 S.E.2d at 2. Our supreme court concluded,

Nicholson was at work on the way to a meeting when she tripped and fell. The circumstances of her employment required her to walk down the hallway to perform her responsibilities and in the course of those duties she sustained an injury. We hold these facts establish a causal connection between her employment and her injuries—the law requires nothing more. Because Nicholson's fall happened at work and was not caused by a condition peculiar to her, it was causally connected to her employment.

*Id.* at 390, 769 S.E.2d at 5. Similarly, in *Barnes*, our supreme court found "Barnes was performing a work task when she tripped and fell. Those facts alone clearly establish a causal connection between her employment and the injuries she sustained." 411 S.C. at 398, 768 S.E.2d at 654.

After careful review of the record, particularly the surveillance video, we find Foran's injury occurred while she was in constant motion—stocking cigarettes, rising from one knee while turning around toward the register, and stepping forward with her left foot. The video shows Foran in visible

---

3. Here, Store manager Rogers testified Foran told him "she was stocking cigarettes and when she went to get up her ankle kind of gave way." However, unlike the *Crosby* fall, the circumstances of Foran's injury were not unexplained; Foran described the uneven mat, and the surveillance video confirmed she was moving about and stocking shelves when her injury occurred. *See also Shatto v. McLeod Reg'l Med. Ctr.*, 408 S.C. 595, 600, 759 S.E.2d 443, 445–46 (Ct. App. 2014) (affirming award of compensation and concluding fall was not idiopathic where claimant "identified specific, non-internal reasons for tripping").

pain *before* both of her feet were planted and facing the register. While we agree with the Appellate Panel that the surveillance video was the "key to the compensability of this case," we conclude the Appellate Panel's finding that the injury occurred while both of Foran's feet were planted on the mat was clearly erroneous. *See Pierre*, 386 S.C. at 540, 689 S.E.2d at 618 ("An appellate court can reverse or modify the [Appellate Panel]'s decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record."). Foran's testimony describing her injury is consistent with the store video.

The medical evidence further supports a finding that Foran's injury was not caused *without explanation* by an "internal failure or breakdown." Foran's medical records following her 2005 surgery indicate the procedure resulted in good tension and stability. Further, the Doctor's Care date of injury intake assessment recorded Foran's "History of Present Illness" as "[w]as at the bottom shelf of stocking cigarettes this AM when she stood up and may have caught on a mat twisting her left ankle-since then it is painful to bear weight on it. ... but since surgery, had been pregnant, and working and has had no issues with ankle pain, swelling or giving way—until today." Moreover, although store manager Rogers claimed Foran walked with a limp, he admitted nothing precluded Foran from performing any of her job duties.

 In order to be entitled to workers' compensation benefits, an employee must show he or she sustained an "injury by accident arising out of and in the course of the employment." § 42-1-160(A). " 'Arising out of' refers to the injury's origin and cause, whereas 'in the course of' refers to the injury's time, place, and circumstances." *Osteen v. Greenville Cty. Sch. Dist.*, 333 S.C. 43, 50, 508 S.E.2d 21, 24 (1998) (citing *Howell v. Pac. Columbia Mills*, 291 S.C. 469, 471, 354 S.E.2d 384, 385 (1987)). "The injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Id.* at 50, 508 S.E.2d at 25.

Foran was undeniably performing a work task when she "suffered an injury by accident arising out of and in the course of her employment." The Appellate Panel committed an error

of law in failing to strictly construe the idiopathic exception to coverage as *Barnes* and *Nicholson* require; thus, we reverse its denial of compensation. As noted above, we also find the Commission's decision clearly erroneous in view of the substantial evidence in the record.[4]

## CONCLUSION

We reverse and remand to the Appellate Panel for a determination of benefits.

**REVERSED AND REMANDED.**

GEATHERS, J., and MOORE, A.J., concur.

---

4. We do not address whether the mat constitutes a special hazard. *See Nicholson*, 411 S.C. at 389, 769 S.E.2d at 5 (finding this court "erred in requiring claimant to prove the existence of a hazard or danger" and "an employee need only prove a causal connection between the conditions under which the work is required to be performed and the resulting injury").