**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin M. Todd, Employee, Claimant, Respondent,

v.

Mike Roberts d/b/a Mike Roberts Home Repair, Employer, and S.C. Uninsured Employers Fund, Carrier, Defendants,

of which S.C. Uninsured Employers Fund is the Appellant.

Appellate Case No. 2020-000923

———

Appeal From The Workers' Compensation Commission

———

Unpublished Opinion No. 2022-up-399
Submitted October 1, 2022 – Filed November 2, 2022

———

**AFFIRMED**

———

Samuel Thompson Brunson, of Samuel T. Brunson Law Offices, of Florence, for Appellant.

Gene McCain Connell, Jr., of Kelaher Connell & Connor, PC, of Surfside Beach, for Respondent.

———

**PER CURIAM:** The South Carolina Uninsured Employers' Fund (the UEF)

appeals an order from an appellate panel of the South Carolina Workers' Compensation Commission (the Appellate Panel). On appeal, the UEF argues the Appellate Panel erred in (1) finding Mike Roberts, D/B/A Mike Roberts Home Repair, was subject to the South Carolina Workers' Compensation Act (the Act) because he regularly employed four or more persons at the time of Kevin Todd's accident, (2) finding Todd suffered an injury arising out of the scope of his employment, (3) awarding benefits in this case, and (4) considering this matter at a conference and allowing Todd to submit additional evidence without Roberts's consent. We affirm pursuant to Rule 220(b), SCACR.

1. As to issue one, we hold the Appellate Panel did not err in finding Roberts was subject to the Act because the preponderance of the evidence showed he regularly employed four or more persons. *See Harding v. Plumley*, 329 S.C. 580, 584, 496 S.E.2d 29, 31 (Ct. App. 1998) ("The issue of whether an employer regularly employs the requisite number of employees to be subject to the . . . Act is jurisdictional."); *Hernandez-Zuniga v. Tickle*, 374 S.C. 235, 242, 647 S.E.2d 691, 694 (Ct. App. 2007) ("[I]f the factual issue before the Commission involves a jurisdictional question, [an appellate] court's review is governed by the preponderance of evidence standard."); *id.* at 243, 647 S.E.2d at 695 (stating an appellate court "has both the power and duty to review the entire record, find jurisdictional facts without regard to conclusions of the Commission on the issue, and decide the jurisdictional question in accord with the preponderance of evidence"); *id.* ("Workers' compensation statutes are construed liberally in favor of coverage, and South Carolina's policy is to resolve jurisdictional doubts in favor of the inclusion of employees within workers' compensation coverage."); *id.* at 243-44, 647 S.E.2d at 695 (stating that although "an appellate court may take its own view of the preponderance of evidence on the existence of an employer-employee relationship, the final determination of witness credibility is usually reserved to the Appellate Panel"); S.C. Code Ann. § 42-1-360(2) (2015) (indicating the Act does not apply to "any person who has regularly employed in service less than four employees in the same business within the State"); S.C. Code Ann. § 42-1-130 (2015) (defining an employee as a person "engaged in an employment under any appointment[ or] contract of hire" but excluding "a person whose employment is both casual and not in the course of the trade, business, profession, or occupation of his employer"); S.C. Code Ann. § 42-1-150 (2015) (stating employment includes "all private employments in which four or more employees are regularly employed in the same business or establishment"); *Hartzell v. Palmetto Collision, LLC*, 406 S.C. 233, 242-43, 750 S.E.2d 97, 102 (Ct. App. 2013) (indicating common characteristics of regular employment include: "(1) 'employment of the same number of persons,' although not necessarily the

same individuals; (2) during the relevant period of time; (3) 'with some constancy'; (4) 'not by chance or for a particular occasion'; and (5) without regard to the regularity of the days or hours worked"), *rev'd on other grounds by Hartzell v. Palmetto Collision, LLC*, 415 S.C. 617, 785 S.E.2d 194 (2016).

2.  As to issues two and three, we hold the Appellate Panel did not err in finding Todd suffered an injury arising out of and within the scope of his employment and, thus, awarding benefits.  *See Barnes v. Charter 1 Realty*, 411 S.C. 391, 395, 768 S.E.2d 651, 652 (2015) (stating an appellate court "can reverse or modify the [Appellate Panel's] decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record"); *Gibson v. Spartanburg Sch. Dist. No. 3*, 338 S.C. 510, 517, 526 S.E.2d 725, 729 (Ct. App. 2000) ("Substantial evidence . . . is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action."); *Barnes*, 411 S.C. at 395, 768 S.E.2d at 652 ("In a workers' compensation case, the appellate panel is the ultimate fact-finder."); *id.* at 398, 768 S.E.2d at 654 ("For an accidental injury to be compensable, it must 'aris[e] out of and in the course of the employment.'" (quoting S.C. Code Ann. § 42-1-160(A) (2015))); *Gibson*, 338 S.C. at 517, 526 S.E.2d at 729 ("The question of whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the Appellate Panel."); *Barnes*, 411 S.C. at 398, 768 S.E.2d at 654 ("Arising out of refers to the injury's origin and cause, whereas in the course of refers to the injury's time, place, and circumstances."); *id.* ("An injury arises out of employment if it is proximately caused by the employment."); *id.* ("For an injury to arise out of employment, there must be a causal connection between the conditions under which the work is required to be performed and the resulting injury."); *id.* at 394, 768 S.E.2d at 652 (stating "[w]orkers' compensation law is to be liberally construed in favor of coverage to serve the beneficent purpose of the" Act).

3.  As to issue four, we hold the UEF's arguments are not preserved for review because it did not raise them to the Appellate Panel.  *See Smith v. NCCI, Inc.*, 369 S.C. 236, 256, 631 S.E.2d 268, 279 (Ct. App. 2006) ("Only issues raised and ruled upon by the [Appellate Panel] are cognizable on appeal.").

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.